IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN HARVEY BRIGHT, | ) |
| Plaintiff, | ) Case No. 5:17cv00025 |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) By: Michael F. Urbanski<br>) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff John Harvey Bright filed this social security appeal one day outside of the statute of limitations period. Accordingly, the Commissioner moves to dismiss the case as time-barred. Plaintiff concedes that his complaint was filed one day after the deadline due to counsel's oversight, but he argues equitable tolling principles should be extended in this case and excuse the late filing.

This matter was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report recommending the court grant the Commissioner's motion to dismiss this action as untimely. The magistrate judge reasoned that the "garden variety" excusable neglect by counsel does not constitute the type of extraordinary circumstances that would warrant equitable relief. Bright objects to the magistrate judge's report, arguing the magistrate judge erred by not following the ruling in Stanley v. Astrue, No. 2:09cv00821, 2011 WL 6009967 (S.D. W.Va. Dec. 1, 2011), and applying equitable tolling.

This case is unlike Stanley, however. The plaintiff in Stanley filed his civil action two days after the statute of limitations had run due to a personnel issue involving a paralegal who was responsible for filing the action in federal court. 2011 WL 6009967, at *1. The court determined that plaintiff had met his burden under Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990), and established that he had pursued his rights diligently and extraordinary circumstances stood in his way. 2011 WL 6009967, at *2-3. Specifically, the court reasoned: "that Plaintiff's counsel consistently files in a timely manner shows that the events surrounding this filing, the paralegal and personnel trouble of the Plaintiff's counsel, were in fact extraordinary circumstances." Id. at *3. The Stanley court applied equitable tolling and denied the Commissioner's motion to dismiss the complaint as untimely. Id.

No such "personnel issue" exists in Bright's case. Rather, the late filing is attributable to an oversight on the part of local counsel. There is no dispute that the filing deadline for Bright's federal complaint was March 20, 2017. Nor is there any dispute that Bright did not request an extension from the Appeals Council before that deadline expired.

Bright's complaint was signed by John Osborne Goss, a member of the bar of this court, and dated March 14, 2017[1]--yet it was not filed in federal court until March 21, 2017, the day after the statute of limitations had run. In a written statement filed in connection with the Commissioner's motion to dismiss, Mr. Goss admits that the Olinsky Law Group, admitted pro hac vice in this case, sent the complaint documents to him on March 14, 2017, the date the documents were signed; however, "due to oversight," he did not file the complaint until March 21, 2017.

---

[1] The complaint is dated March 14, 2016, which is plainly an error.

2

Two days after Mr. Goss filed the complaint, Brad Myler, out-of-state counsel who represented Bright at the administrative hearing, requested a one-day extension from the Appeals Council, explaining that Bright's case had been referred to another firm for the appeal and counsel had filed the complaint one day late as a result of a calendaring error. The Appeals Council denied Myler's request, finding no good cause for extending a missed deadline.

Federal courts apply equitable tolling sparingly. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Its application "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling principles "do not extend to what is at best a garden variety claim of excusable neglect," Irwin, 498 U.S. at 96—and that is precisely what we have here. Plaintiff attributes his late filing only to an "oversight" on the part of local counsel. But counsel's mistake in filing the complaint one day after the deadline expired "'does not present the extraordinary circumstance beyond the party's control where equity should step in'" to cure counsel's error. Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (quoting Harris, 209 F.3d 325); see id. at 248-49 (collecting cases that have held mistake by a party's counsel in interpreting a statute of limitations does not justify equitable tolling).

Plaintiff argues his "preferred" counsel, the Olinsky Law Group, was required to associate with local counsel to initiate these proceedings in federal court, and this somehow amounts to an extraordinary circumstance justifying equitable tolling. To be sure, attorneys

3

like Mr. Olinsky who are not qualified and licensed to practice under the laws of Virginia may appear only in association with a member of the bar of this court. W.D. Va. Gen. R. 6(d). Notwithstanding plaintiff's "preferences" as to counsel, Bright hired Mr. Goff to file his complaint in this case. Mr. Goff's actions in doing so one day after the filing deadline expired are attributable to plaintiff under standard agency principles. Rouse, 339 F.3d at 249. There is nothing extraordinary about these circumstances.

Plaintiff bears the burden of establishing exceptional circumstances that warrant equitable tolling, Gibbs v. Barnhart, No. 2:04CV00056, 2005 WL 283205, at *2 (W.D. Va. Feb. 7, 2005) (Jones, C.J.), and he has failed to meet that burden in this case. The case law makes clear that equitable tolling principles do not extend to counsel's failure to file within the statutory limitations period due to oversight. Accordingly, the court must dismiss Bright's complaint as untimely.

An appropriate order will be entered.

Entered: 04/09/2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

4